UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STACEY VANDELL and ROBERT VANDELL, for themselves and as parents of J.V. and R.V., both minors,

Plaintiffs,

v.

LAKE WASHINGTON SCHOOL DISTRICT,

Defendant.

C19-2042 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Granting Parent's Appeal and Remand as to Remaining Claims, docket no. 18. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Because the parties are familiar with the facts, this order gives only a brief recitation of the relevant background.

On March 12, 2019, Judge Coughenour entered an order in the related case brought by the Plaintiffs under cause no. 18-0785, affirming the administrative law

ORDER - 1

judge's (ALJ) dismissal of Plaintiffs' claims for the 2012–2013 and 2013–2014 school years.  Order (docket no. 3-2) at 8.  With respect to the 2014–2015 school year, the Order noted that "some language in the complaint appears to be protesting the District's actions in the 2014–15 school year." *Id.*  That Order then stated that "to the extent the complaint alleges District failures in the 2014–15 school year, those claims may not be time-barred." *Id*. at 8–9.  That Order concluded that "[t]he ALJ's order is REVERSED as to Plaintiffs' claims about the 2014–15 school year and REMANDED to determine whether those claims are time-barred and whether they have merit." *Id.* at 10.

On remand, the ALJ noted that he had engaged in a thirty-minute discussion with the Plaintiffs to identify the issues raised in their due process complaint.  Final Order on Remand from District Court (docket no. 3-3) at 2. During this discussion, the parents' counsel clarified that the period at issue was the three full years from 2011–2014. *Id.* The ALJ then drafted a statement of the issues, which provided that the issue was "[w]hether the District violated the [Individuals with Disabilities Education Act (IDEA)] and denied the Students a free appropriate public education (FAPE) during the **2011-12, 2012-13, and 2013-14 schoolyears** [sic]." *Id.* (emphasis in original).  Neither party objected to the ALJ's statement of the issues. *Id.* at 3.  Ultimately, the ALJ "concluded that the Parents' [Due Process] Complaint, filed December 6, 2016, raises no issue related to the 2014-2015 school year or beyond for either of the Students." *Id.* at 6.  The ALJ dismissed the due process complaint for both students. *Id.*

ORDER - 2

Plaintiffs have now filed a new action in this Court seeking relief for the 2014–2015 school year. Plaintiffs seek to remand issues relating to that school year to the ALJ for further proceedings.

**Standard of Review**

In IDEA cases, the Court gives "due weight" to state administrative proceedings and "particular deference to 'thorough and careful' administrative findings." *JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 793 (9th Cir. 2008). Findings are "thorough and careful" when the presiding officer "participates in the questioning of witnesses and writes a decision 'contain[ing] a complete factual background as well as a discrete analysis supporting the ultimate conclusions.'" *R.B., ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 942 (9th Cir. 2007).

The ALJ conducted a hearing and wrote a decision with both a complete factual background and a discrete analysis supporting the conclusions. *See* Final Order on Remand from District Court at 1–6. These findings were thorough and careful. The Court gives the ALJ's findings deference.

**Discussion**

The Plaintiffs first contend that Judge Coughenour's Order already decided that their original due process complaint raised issues for the 2014–2015 school year. This argument, however, is not consistent with the language used in that Order. As opposed to deciding that the Plaintiffs' due process complaint raised issues for the 2014–2015 school year, that Order merely states that the due process complaint "appears to be protesting the District's actions in the 2014–15 school year" and that these claims may not be time-

ORDER - 3

barred "to the extent" the due process complaint raised them. Order at 8–9. But this language did not decide the issue. Rather, unsure as to whether the ALJ had assumed that the due process complaint only concerned the 2012–2013 and 2013–2014 school years, that Order directed the ALJ to determine the extent to which the due process complaint raised issues for the 2014–2015 school year.

Plaintiffs next assert that their original due process complaint raised issues for the 2014–2015 school year, but this Court rejects that argument. "[T]he general rules applicable for administrative hearings contained in chapter 10-08 WAC govern the conduct of the due process hearing." WAC 392-172A-05100(6). In adjudicative proceedings, the presiding officer may hold a prehearing conference to consider simplification of the issues. WAC 10-08-130(1)(a). "Following the prehearing conference, the presiding officer shall issue an order reciting the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties concerning all of the matters considered." WAC 10-08-130(3). If neither party objects to the order, it controls the subsequent course of the proceeding. *Id.*

The ALJ's statement of issues did not include the 2014–2015 school year. Because neither party objected to the statement, it controlled the subsequent proceedings. Additionally, the ALJ's statement of issues was consistent with the Plaintiffs' due process complaint which did not allege any FAPE violations for the 2014–2015 school year. *See* Administrative Record (AR) (docket no. 15) at 630. Although the due process complaint referenced the "2011/2012/2013/2014 school years," the ALJ clarified with the Plaintiffs' counsel during the prehearing conference that this referenced the three full

ORDER - 4

school years of 2011–2012, 2012–2013, and 2013–2014. *Id.* at 632; Final Order on Remand from District Court at 5. This was not a situation where the ALJ restated and reorganized the issues the parties presented. *See M.C. by and through M.N. v. Antelope Valley Union High Sch. Dist.*, 858 F.3d 1189, 1196 n.2 (9th Cir. 2017) (questioning the "apparently common practice in IDEA cases" of ALJs restating and reorganizing the issues parties present where counsel represents the parents and the complaint states the issues intelligibly). Finally, although the Plaintiffs attempt to rely on their Statement of Clarification to demonstrate that they raised issues for the 2014–2015 school year in their due process complaint, they submitted the Statement of Clarification prior to the ALJ issuing his statement of issues—which did not include claims for the 2014–2015 school year and to which the Plaintiffs did not object. AR at 932–33 (Statement of Clarification); Final Order on Remand from District Court at 1–3.

Because Plaintiffs failed to raise an issue regarding the 2014–2015 school year in their due process complaint or at any time before the ALJ, the Court lacks subject-matter jurisdiction over claims relating the 2014–2015 school year. *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 952 (9th Cir. 2010) (determining district court lacked subject-matter jurisdiction over an issue in an IDEA action where the plaintiff did not raise the issue in their administrative complaint or the due process hearing and therefore the ALJ had not addressed it); RCW 34.05.554 ("Issues not raised before the agency may not be raised on appeal . . . ."). The Court further determines that Plaintiffs, who were represented by counsel, waived the right to raise any issue regarding the 2014–2015 school year by failing to raise it before the ALJ. *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)

ORDER - 5

(concluding that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal").

For the reasons stated in this order, the Court concludes as a matter of law that Plaintiffs' due process complaint did not raise issues for the 2014–2015 school year. The Court DENIES their motion to remand, and holds that this case can be dismissed with prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)   The Plaintiffs Appeal and Motion for Remand, docket no. 18, is DENIED;

(2)   The Court Affirms the ALJ's Final Decision on Remand from District Court (docket no. 3-3) relating to the 2014–2015 school year and DISMISSES this case with prejudice and with costs;

(3)   The Clerk is directed to enter judgment consistent with this order.

IT IS SO ORDERED.

Dated this 16th day of November, 2020.

*[signature: Thomas S. Zilly]*

THOMAS S. ZILLY
United States District Judge